## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 30, 2013

No. 09-50809

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICHARD MONTGOMERY,

Defendant - Appellant.

Appeal from the United States District Court
for the Western District of Texas
(5:08-CR-387)

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

We previously granted the United States' motion to vacate Richard Montgomery's conviction and sentence, and remanded the case to the district court. Montgomery filed a motion to recall the mandate, which we denied on the grounds that no mandate was issued. Montgomery then moved for reconsideration, correctly pointing out that a mandate was issued. Accordingly, we GRANT Montgomery's motion for reconsideration. After reconsidering, for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-50809

the reasons explained below, we DENY Montgomery's motion to recall the mandate.

## I.

Pursuant to a plea agreement, Montgomery pleaded guilty on June 18, 2008, to an information charging him with bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Montgomery to 262 months in prison, applying a career-offender enhancement under U.S.S.G. § 4B1.1. On appeal, Montgomery argued that the United States had agreed in the plea agreement to recommend the application of U.S.S.G. § 2B3.1, which would have resulted in a lower Sentencing Guidelines range. Montgomery argued that the United States failed to make that recommendation and therefore urged us to vacate his convictions and permit him to withdraw his guilty pleas.

The United States then moved to vacate Montgomery's convictions and sentence because of the dispute regarding the United States' obligation under the plea agreement to recommend the application of § 2B3.1. The United States also urged us to permit Montgomery to withdraw his guilty pleas. Montgomery's counsel did not oppose the motion. On July 26, 2011, we granted the motion, and remanded the case to the district court. The judgment was issued as a mandate. More than two years later, on August 19, 2013, Montgomery moved to recall the mandate, arguing that he is entitled to a final determination on the direct appeal that followed his June 18, 2008, conviction.

## II.

Once issued, a mandate will not be recalled except to prevent injustice. 5TH CIR. R. 47.5; *see United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997). Here, on direct appeal, Montgomery sought vacatur of his convictions and sentence on the grounds that the United States failed to perform under the plea agreement. In its motion to vacate the convictions and sentence, the United States recognized this dispute, and requested that we do precisely what

No. 09-50809

Montgomery sought: vacate his convictions and sentence and remand the case to the district court. The mandate was issued, and the case proceeded in the district court. Although we GRANT Montgomery's motion for reconsideration, because we conclude that recalling the mandate is not necessary to prevent injustice, we DENY Montgomery's motion to recall the mandate.